| | | | |
|---|---|---|---|
| | AUSA: Michael Martin | Telephone: | (313) 226-9100 |
| AO 91 (Rev. 11/11) Criminal Complaint | Officer: Ryan Moulton | Telephone: | (313) 568-6049 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Luis Fernando SANTILLAN-VALDERRABANO | Case: 2:25−mj−30077<br>Assigned To : Unassigned<br>Assign. Date : 2/18/2025<br>Case No. Description: RE: LUIS FERNANDO SANTILLAN−VALDERRABANO (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 11, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(b) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Moulton, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __February 18, 2025__

_____
*Judge's signature*

City and state: __Detroit, MI__

David R. Grand, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Ryan Moulton, declare the following under penalty of perjury:

1. I am a Deportation Officer employed with Immigration and Customs Enforcement (ICE) of the United States Department of Homeland Security, having served with ICE since April, 2016. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers and record checks of law enforcement databases. I have also reviewed relevant immigration records and system automated data relating to Luis Fernando SANTILLAN-VALDERRABANO.

2. The information set forth below is for the limited purpose of establishing probable cause that Luis Fernando SANTILLAN-VALDERRABANO has violated Title 8, United States Code, Section 1326 (illegal reentry). This affidavit does not necessarily contain all the information collected during my investigation.

3. SANTILLAN-VALDERRABANO is a thirty-five-year-old citizen and native of Mexico who last entered the United States on an unknown date, at or near Laredo, Texas, without inspection by the U.S. Department of Homeland Security.

4. On or about August 16, 2007, SANTILLAN-VALDERRABANO was admitted to the United States at Brownsville, Texas, as a Non-Immigrant Visitor for a temporary period not to exceed 72 hours to visit in the area within 25 miles of the United States border with Mexico.

5. On or about January 17, 2008, SANTILLAN-VALDERRABANO was arrested by the Mason City, Georgia Police Department under the name "Carlos C. Flores" and charged with Misdemeanor Theft 5Th Degree. On or about January 18, 2008, SANTILLAN-VALDERRABANO pled guilty to the charge and was sentenced to time served. Mason City, Georgia is more than 25 miles from the United States border with Mexico and January 17, 2008 is more than 72 hours beyond August 16, 2007.

6. On or about March 2, 2009, SANTILLAN-VALDERRABANO was arrested by the Douglas County, Nebraska Sheriff's Department and charged with resisting arrest and felony theft. On or about March 3. 2009, SANTILLAN-VALDERRABANO was convicted of these offenses and sentenced to 90 days confinement.

1

7. On or about May 8, 2009, SANTILLAN-VALDERRABANO was encountered by Omaha, Nebraska ICE ERO officers and issued a Notice to Appear. SANTILLAN-VALDERRABANO was interviewed by an Immigration Enforcement Officer and "freely admitted to being a citizen of Mexico who was legally admitted to the United States but is now in violation of his status."

8. On or about June 16, 2009, an Immigration Judge in Omaha, Nebraska ordered SANTILLAN-VALDERRABANO removed from the United States to Mexico. On or about July 1, 2009, SANTILLAN-VALDERRABANO was removed to Mexico, via Laredo, Texas.

9. On or about October 18, 2009, SANTILLAN-VALDERRABANO was encountered by the United States Border Patrol at or near Falfurrias, Texas, and processed for a Reinstatement of Prior Order of Removal. On or about October 19, 2009, SANTILLAN-VALDERRABANO was removed to Mexico, via Hidalgo, Texas.

10. On or about December 28, 2010, SANTILLAN-VALDERRABANO was convicted in the 65 District Court in Ithaca, Michigan of operating a vehicle on a suspended, revoked or denied license. On or about December 29, 2010, SANTILLAN-VALDERRABANO was encountered by Detroit, Michigan ICE ERO officers at the Gratiot County Jail in Ithaca, Michigan, and processed for a Reinstatement of Prior Order of Removal. SANTILLAN-VALDERRABANO was interviewed by an Immigration Enforcement Officer and stated he last entered the United States "a year ago or so but can't recall the date." SANTILLAN-VALDERRABANO also stated that he "crossed the border with the help of a smuggler" and that he "paid the smuggler $3,000." On or about January 11, 2011, SANTILLAN-VALDERRABANO was removed to Mexico, via Laredo, Texas.

11. On or about June 23, 2011, SANTILLAN-VALDERRABANO was encountered by US Border Patrol at or near Laredo, Texas, and processed for a Reinstatement of Prior Order of Removal. SANTILLAN-VALDERRABANO was interviewed by law enforcement officers and admitted that he had previously been removed from the United States, that he "crossed the river here in Laredo, TX on June 15, 2011," and that he had used the alias of "Carlos Cesar Flores when I was arrested before." SANTILLAN-VALDERRABANO also stated his date of birth was November 15, 1989.

12. Following this encounter, SANTILLAN-VALDERRABANO was charged with a violation of 8 U.S.C. § 1325 (Illegal Entry) in the United States District Court for the Southern District of Texas. On or about June 27, 2011, SANTILLAN-VALDERRABANO was convicted of 8 U.S.C. § 1325 and sentenced to 30 days confinement and his judgment contained "a special condition not to return to the U.S. illegally or commit any other violation of federal and/or state laws."

13. On or about July 22, 2011, SANTILLAN-VALDERRABANO was removed to Mexico, via Laredo, TX.

14. On or about July 29, 2011, SANTILLAN-VALDERRABANO was encountered by US Border Patrol at or near Carrizo Springs, Texas, and processed for a Reinstatement of Prior Order of Removal. Following this encounter, US Border Patrol prosecuted SANTILLAN-VALDERRABANO for 8 USC 1326(a) Illegal Re-Entry After Removal in the US District Court for the Western district of Texas. On or about March 14, 2012, SANTILLAN-VALDERRABANO was convicted of 8 USC 1326(a) Illegal Re-Entry After Removal and sentenced to time served.

15. On or about March 19, 2012, SANTILLAN-VALDERRABANO was removed to Mexico via Del Rio, Texas.

16. According to a report from Wixom, Michigan Police Department, on or about October 13, 2021, a Wixom police officer pulled over a vehicle near the intersection of Wixom Road and Old Wixom Road for traveling 86 miles per hour in a 45 miles per hour zone. I know that a large youth sports facility is in the immediate vicinity of this area. When the police officer asked for the driver's license, the driver presented a Mexican identification car in the name "Abraham Sanchez Perez" with no date of birth. The driver told the officer that the identification card was real and, when asked for his date of birth, the driver stated May 24, 1996. The driver was arrested and transported back to the police station where he was again asked for his date of birth. The driver "stated his birthdate was November 15th but then quickly changed it to 03/16/1994. The driver gave numerous different years to when he was born as well." Booking, processing, and computer checks revealed the driver to be SANTILLAN-VALDERRABANO. SANTILLAN-VALDERRABANO was charged with reckless driving, providing false identification to a police officer and no operation license ever acquired. SANTILLAN-VALDERRABANO posted a $300 bond and was released, but

3

failed to appear in court and the 52-1 District Court issued a warrant for his arrest, which is still pending.

17. On or about January 6, 2025, SANTILLAN-VALDERRABANO was arrested by the Catoosa County, Georgia Sheriff's Department for Driving Under the Influence of Alcohol, Giving False Name, Address/DOB to Law Enforcement, and Manufacture, Sale, Distribute, Etc. False Identification Document. According to the police report related to this arrest, a sheriff's deputy approached a car and "could immediately smell the odor of alcohol" coming from the driver, SANTILLAN-VALDERRABANO. Deputies later discovered inside the car 10 open and empty alcoholic beverages all at 10 percent alcohol concentration. Two of the cans were still cold to the touch when the deputy found them. SANTILLAN-VALDERRABANO failed a field sobriety test and was placed under arrest. SANTILLAN-VALDERRABANO told the deputy that his name was "Luis Santillan." The deputy found a Permanent Resident Card on the driver's person. The card contained the driver's picture, but "the offender stated that the ID was a fake and that he is illegal and uses the ID to obtain jobs." The disposition of these charges is still pending.

18. On or about February 11, 2025, SANTILLAN-VALDERRABANO was encountered by Detroit, MI ICE ERO during a vehicle stop. SANTILLAN-VALDERRABANO admitted to not having any immigration documents permitting him to remain in the United States legally. SANTILLAN-VALDERRABANO was arrested by Detroit, MI ICE ERO and transported to the Detroit Filed Office and processed for a Reinstatement of Prior Order of Removal.

19. On or about February 11, 2025, fingerprint checks confirmed a positive match for Luis Fernando SANTILLAN-VALDERRABANO, DOB XX/XX/1989, AXXX XXX 528, an alien previously removed.

20. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any non-citizen entering or attempting to enter the United States, or any non-citizen present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of noncitizens.

21. A review of immigration records (A #XXX XXX 528) for SANTILLAN-VALDERRABANO and queries in U.S. Department of Homeland

4

Security databases reveal that no record exists of SANTILLAN-VALDERRABANO obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal from the United States.

22.   Based on the above information, I believe there is probable cause to conclude that SANTILLAN-VALDERRABANO is an alien who is present in the United States in violation of Title 8, United States Code, Section 1326(b).

_____
Ryan Moulton
Deportation Officer
U.S. Immigration and Customs Enforcement
985 Michigan Ave Ste 207
Detroit, MI 48226

Sworn to before me and signed in my presence and/or by reliable electronic means on _____February 18, 2025_____, 2025

_____
David R. Grand
United States Magistrate Judge

5